[Cite as *Akbik v. Erie Ins. Group*, 2010-Ohio-1535.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| AWATEF AKBIK, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-MA-59 |
| | ) | |
| ERIE INSURANCE GROUP, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 08CV1475

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellant     Attorney Gregg A. Rossi
Attorney Thomas R. Wright
26 Market Street, 8th Floor
P.O. Box 6045
Youngstown, Ohio 44501

For Defendant-Appellee     Attorney Randy L. Taylor
Attorney Ronald A. Rispo
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, Ohio 44114-1862

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: March 29, 2010

DONOFRIO, J.

{¶1} Plaintiff-appellant, Awatef Akbik, appeals from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, Erie Insurance Company.

{¶2} On May 25, 2005, appellant, a pedestrian, was struck by an automobile operated by Rochelle Cole and was seriously injured. Appellant subsequently filed a lawsuit against Cole and obtained a default judgment against her for $1,000,000.

{¶3} After obtaining this judgment, appellant filed a declaratory judgment action against appellee seeking a declaration that the insurance policy issued to Cole by appellee provided coverage for the accident and for a judgment in the amount of $1,000,000 or the policy limits.

{¶4} Appellee had issued a policy to Cole that provided liability coverage for bodily injury in the amount of $50,000 per person and $100,000 per accident. But questions arose as to whether appellee had cancelled the policy prior to the accident due to Cole's failure to make premium payments.

{¶5} Cole had previously been insured under her parents' policy with appellee. However, when she moved out of her parents' house, she purchased her own policy with appellee (the policy). Cole's monthly premium payments were $56 and were due on the 28th of each month. The first payment was due February 28, 2005. Cole did not timely make this payment. On March 14 and 24, appellee sent Cole notices of her past due balance. Cole's next payment was due March 28. Cole did not timely make this payment.

{¶6} On March 24, 2005, appellee had yet to receive any payments from Cole. That day it sent her a past due notice reflecting that she owed $56 due from February 28 and $59 due on March 28. Thus, it reflected a total balance of $115. The letter instructed Cole to promptly pay any past due amount in order to keep her policy current.

{¶7} On April 5, appellee sent Cole a letter notifying her that her policy was to be cancelled effective May 7 for non-payment of her premium. This letter reflected an amount due of $174. The $174 total appears to be the overdue payments for

February and March and the soon-to-be due payment for April, in addition to $6 in fees.

**{¶8}** Cole did not make any payments until April 18, when appellee received $118 from her representing the amounts overdue for February and March.

**{¶9}** On April 19, appellee sent Cole a letter reflecting the $118 payment that it received on April 18. The letter went on to state that because appellee did not receive the necessary minimum amount in a timely manner, appellee extended Cole's coverage until May 21 and that the policy would cancel as of that date.

**{¶10}** Cole made no further payments until June 2, when appellee received a check from her for $125 (presumably premium payments for April and May). By this time, the accident had already occurred. In a letter to Cole dated June 22, appellee stated:

**{¶11}** "We received your payment of $125.00 on the above-mentioned policy on June 02, 2005. However, your policy cancelled for non-payment of premium on May 21, 2005. Unfortunately, we are unable to reinstate coverages due to your failure to comply with our liberal payment terms.

**{¶12}** "There is a remaining earned premium balance of $21.00 for the time we provided coverage. We have deducted that amount from your payment and are refunding the difference with this letter." (Appellee's Amended Motion for Summary Judgment Ex. E).

**{¶13}** Presumably, the amount appellee kept was for the time it provided coverage in May.

**{¶14}** Both parties filed motions for summary judgment. Appellee argued that because Cole had made two late payments and had failed to make two subsequent payments, it had cancelled her policy effective May 21, four days prior to the accident. Appellant argued that because Cole's payments were due on the 28th of each month, appellee could not accelerate Cole's due date and cancel the policy until at least May 28, the next due date and three days after the accident.

**{¶15}** The matter proceeded to a hearing before a magistrate. The magistrate found that there was no insurance in effect on the day of the accident and, therefore,

appellant could not recover against appellee. The magistrate found that the cancellation was in accordance with both R.C. 3937.25, which governs cancellation of insurance policies, and the terms of the policy at issue. Thus, the magistrate found that summary judgment in favor of appellee was appropriate.

{¶16} Appellant filed objections to the magistrate's decision. The trial court overruled the objections. It then entered summary judgment in favor of appellee and denied appellant's motion for summary judgment.

{¶17} Appellant filed a timely notice of appeal on April 1, 2009.

{¶18} Appellant raises a single assignment of error, which states:

{¶19} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF ERIE INSURANCE GROUP AND IN OVERRULING SUMMARY JUDGMENT IN FAVOR OF AWATEF AKBIK BECAUSE THE INSURANCE POLICY AFFORDED COVERAGE."

{¶20} In reviewing an award of summary judgment, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.* (1998), 128 Ohio App.3d 546, 552. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming* (1994), 68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505.

{¶21} Appellant argues that appellee's April 5 letter, although notifying Cole of cancellation effective May 7, indicated a willingness to continue coverage should she become current on her payments. Appellant notes that Cole made her past-due payments for February and March on April 18 and, at this time, her payment for April (due April 28) was not yet due. Therefore, appellant argues that appellee was incorrect when it stated in the April 5 letter/cancellation notice that $174 was due.

{¶22} Appellant contends that appellee's April 19 letter, which extended coverage until May 21 and then cancelled it effective that day, improperly cancelled Cole for failing to make the minimum payment. Appellant contends that as of April 19, Cole was current in her premium payments since her April payment was not due until April 28. Appellant argues that appellee improperly accelerated Cole's due date for her April premium payment by including it in the total of $174 that appellee stated was due in its April 5 letter. Thus, appellant asserts that appellee had no basis on which to cancel Cole's policy when it did because it cannot cancel a policy for failing to pre-pay premiums.

{¶23} Appellant argues, therefore, that the earliest appellee could have cancelled Cole's policy was 30 days after her April 28 payment was due and not received, which would have been May 28, three days after the accident. Thus, appellant argues that coverage was in effect on May 25, the day of the accident.

{¶24} Finally, appellant argues that appellee waived its initial cancellation when it accepted Cole's past-due payments for February and March.

{¶25} The gist of appellant's argument is that appellee canceled Cole's policy not for the non-compliance with the premium payment plan, but for her failure to pre-pay her April premium payment. This is an incorrect assertion.

{¶26} On April 5, appellee sent Cole a letter notifying her that her policy was to be cancelled effective May 7 for non-payment of her premium. (Appellee's Amended Motion for Summary Judgment Exs. C and F). It listed an amount due of $174. The $174 total appears to be the overdue payments for February and March and the soon-to-be due payment for April, plus $6 in fees.

{¶27} Cole made her first payment on April 18, when appellee received $118 from her. This represented the amounts overdue for February and March.

{¶28} On April 19, appellee sent Cole a letter. (Appellee's Amended Motion for Summary Judgment, Exs. D and F). The letter stated in bold capital letters at the top, "CANCELLATION NOTICE." It then acknowledged that appellee received Cole's $118 payment on April 18. This payment was for the overdue premium payments for February and March. The letter then stated:

**{¶29}** "IN CONSIDERATION OF THE ABOVE PAYMENT WE TAKE THE FOLLOWING ACTION:

**{¶30}** "SINCE WE DID NOT RECEIVE THE NECESSARY MINIMUM AMOUNT IN A TIMELY MANNER, WE HAVE EXTENDED COVERAGE TO 12:01 AM STANDARD TIME MAY 21, 2005 AND CANCELLATION SHALL TAKE EFFECT ON THAT DATE."

**{¶31}** Appellant contends that per this letter, appellee cancelled Cole's policy because she failed to pay the entire $174 listed by appellee in the April 5 letter, which would have included the not-yet-due April 28 payment. However, a close reading of the April 19 letter reveals that such is not the case. The April 19 letter clearly and succinctly states that "IN CONSIDERATION OF THE ABOVE PAYMENT WE TAKE THE FOLLOWING ACTION." The payment referenced in the letter was the $118 for the overdue February and March payments. The February payment was over a month-and-a-half late and the March payment was 21 days late. Thus, appellee clearly did not receive these payments "in a timely manner." Therefore, it cancelled the policy. Appellant misreads the April 19 letter.

**{¶32}** This cancellation was in compliance with the policy terms. The relevant policy provisions governing cancellation provide:

**{¶33}** "**We** may cancel or refuse to renew this policy or any coverage by mailing **you** written notice stating the effective date of **our** action.

**{¶34}** "**We** reserve the right to cancel for **your** noncompliance with **our** premium payment plans. *We do not waive **our** right to cancel, even if **we** have accepted prior late payments.*" (Emphasis added; Appellee's Amended Motion for Summary Judgment, Ex. A, Policy, p. 10).

**{¶35}** The policy further provides that for non-payment of premium: "The effective date of cancellation will never be earlier than 30 days after **we** send it." (Appellee's Amended Motion for Summary Judgment, Ex. A, Policy, p. 11).

**{¶36}** As is clear from the terms, appellee had the right to cancel Cole's policy even though it accepted her late payments for February and March. And the policy

expressly stated that appellee does not waive its right to cancel the policy merely because it has accepted late payments. Thus, appellant's waiver argument must fail.

{¶37} In sum, no genuine issue of material fact exists. Appellee complied with the terms of the policy when it terminated Cole's policy. Therefore, the trial court properly awarded summary judgment in favor of appellee and denied appellant's motion for summary judgment. Accordingly, appellant's sole assignment of error is without merit.

{¶38} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, P.J., concurs.
DeGenaro, J., concurs.